# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

**MARCUS J. LEWIS,**                                                                    **PETITIONER**
Reg. # 39030-179

**VS.**                    **CASE NO.: 2:09CV00176 BD**

**T.C. OUTLAW, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                      **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Petitioner Marcus J. Lewis filed this pro se petition for writ of habeas corpus (docket entry #1) under 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") failed to comply with the Second Chance Act when considering Petitioner's placement in a Residential Reentry Center ("RRC"). Respondent filed a Response (#7) to the petition and Petitioner replied (#8). For the following reasons, the petition is DENIED and DISMISSED with prejudice.

### I. Background

Petitioner is currently serving a seventy-month term of imprisonment for being a felon in possession of a firearm. His projected release date is April 30, 2011.

Petitioner alleges the BOP violated the Second Chance Act by ruling him ineligible for transfer to a RRC. Petitioner requests that this Court set aside and void the BOP decision finding Petitioner ineligible for RRC placement (#1, p. 4).

The record shows that the BOP assessed Petitioner for RRC transfer and determined that he would be recommended for 150 to 180 days of RRC placement (#7-2).

Petitioner was not ruled ineligible for RRC placement. Accordingly, it appears Petitioner's requested relief is moot.

In the reply, however, Petitioner clarifies his position and argues that the BOP failed to properly consider the factors in 18 U.S.C. § 3621(b) when denying RRC placement beyond the 150 to 180 day recommendation (#8, p. 5). Petitioner challenges the BOP's decision not to give him the maximum twelve months of RRC placement allowed by the Second Chance Act.

## II. Discussion

Petitioner contends the BOP violated 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c), as amended by the Second Chance Act, when considering his placement in a RRC.[1] Respondent argues that Petitioner failed to exhaust his administrative remedies and the BOP properly determined Petitioner's prerelease RRC placement.

### A. Exhaustion of Administrative Remedies

Respondent contends the petition should be dismissed because Petitioner failed to exhaust his administrative remedies regarding his RRC placement.[2] Petitioner states that he exhausted all available, non-futile administrative remedies.

---

[1] The Second Chance Act extended the maximum amount of time that the BOP may place an inmate in a RRC from 180 days to twelve months. 18 U.S.C. § 3624(c)(1).

[2] Respondent acknowledges that BOP staff have performed the required RRC assessment recommending Petitioner for a 150 to 180 day placement (#7-2).

2

Petitioners are generally required to exhaust available administrative remedies before filing a petition under 28 U.S.C. § 2241. See *United States v. Chappel*, 208 F.3d 1069 (8th Cir.2000). Exhaustion, however, is not required if it would be futile. *Thurman v. Sanders*, No. 2:06CV00114-SWW-HDY, 2006 WL 2372493 at *2 (E.D.Ark. Aug. 14, 2006) (citing *Ortiz v. Fleming*, 2004 WL 389076 (N.D. Texas 2004)).

Under 28 C.F.R. § 542.13(a), an inmate aggrieved by an action of the BOP must first present the issue informally to staff. If he or she is dissatisfied with the result of the informal process, the inmate may then pursue a three-step formal grievance process. In the formal process, the prisoner appeals to the Warden, then to the Regional Director, and last, to the Office of General Counsel. The inmate's administrative remedies have not been exhausted until his grievance has been properly filed and denied at each step. See *Thurman v. Sanders*, No. 2:06CV00114-SWW-HDY, 2006 WL 2372493 at *2 (E.D.Ark. Aug. 14, 2006).

Regarding failure to exhaust, Petitioner argues that the BOP never responded to his request for early RRC placement. BOP records show that Petitioner filed an "inmate request to staff" regarding RRC placement on May 13, 2009 (#1, p. 13). The response is dated May 23, 2009. On June 1, 2009, Petitioner filed an "informal complaint" addressed to the Regional Director and stamped received on June 12, 2009 (#1, p. 7). It appears the Department of Justice responded to this "correspondence" and encouraged Petitioner to work with institutional staff and to seek formal review if necessary (#1, p. 6). The response date is June 25, 2009.

Petitioner filed an inmate request to staff regarding transfer to a lower security institution on June 22, 2009 (#1, p. 22).  The response, dated June 25, 2009, states that Petitioner's next review would occur on October 25, 2009.  Petitioner filed a request for administrative remedy regarding RRC placement with the Warden, dated June 12, 2009, but not received until July 13, 2009 (#1, p. 19).[3]  This request was rejected as untimely (#1, p. 20).  Petitioner appealed to the regional office, although it is not clear which grievance he appealed, and the appeal was rejected as "not sensitive" (#1, p. 26).  Petitioner then filed another inmate request to staff regarding RRC placement on September 1, 2009 (#1, p. 28).  There is no response provided for this request.

The Administrative Remedy Generalized Retrieval printout provided by Respondent shows that Petitioner attempted to file only one RRC related grievance (#7-2).  Petitioner has provided evidence of multiple attempted filings (#1, p. 6-7, 13, 19-28).  Respondent does not attempt to explain the apparent discrepancies.

Given these discrepancies, the Court cannot dismiss this petition on the current record for lack of administrative exhaustion.  Considering the time limitations involved with Petitioner's claim, initiating the grievance process at this point likely would be futile.  In addition, Respondent has not asserted that Petitioner still has non-futile avenues available for administrative exhaustion.  Accordingly, a discussion on the merits is warranted.  See *Lueth v. Beach*, 498 F.3d 795, 797 n. 3 (8th Cir.2007), cert. denied, 128

---

[3] This appears to be the only relevant administrative remedy request recorded by the BOP's Administrative Remedy Generalized Retrieval system (#7-2, p. 3-4).

S.Ct. 927 (2008) (a court may address the merits of a petition despite alleged failure to exhaust administrative remedies because the "exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional").

### B. Residential Reentry Center Placement

The BOP is responsible for the placement and transfer of federal inmates under 18 U.S.C. § 3621. When considering an inmate for prerelease transfer to a community correctional facility, or RRC, the BOP must ensure the placement is: (1) conducted in a manner consistent with 18 U.S.C. § 3621(b); (2) determined on an individual basis; and (3) of sufficient duration to provide the inmate with the greatest likelihood of successful reintegration into the community. 18 U.S.C. § 3624(c)(6)(A)-(C). When determining placement consistent with 18 U.S.C. § 3621(b), the BOP may consider: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement or recommendation by the sentencing court; and (5) any relevant Sentencing Commission policy statement. 18 U.S.C. § 3621(b)(1)-(5).

When determining RRC placement, the BOP is required only to consider the request "in good faith." *Miller v. Whitehead*, 527 F.3d 752, 758 (8th Cir. 2008) (quoting *Fults v. Sanders*, 442 F.3d 1088, 1089 (8th Cir. 2006)). The BOP retains broad discretion under 18 U.S.C. § 3621(b), and courts review the BOP's decisions for abuse of its "substantial discretion." *Fegans v. United States*, 506 F.3d 1101, 1102-1105 (8th Cir. 2007).

Petitioner argues the BOP failed to conduct an individualized assessment of his RRC placement needs. While the responses on Petitioner's RRC needs assessment form were brief, the BOP is not required to conduct a detailed RRC placement analysis. *Miller*, 527 F.3d at 758. Petitioner has not established that the BOP failed to consider relevant statutory factors when denying his request for maximum RRC placement.

Petitioner complains the BOP failed to consider his medical needs, minimal family support, lack of prior work history, and financial problems (#8, p. 8-9). The BOP did consider, however, Petitioner's offense, prison conduct, education, and funds available to Petitioner (#7-2). Petitioner's program review noted his work performance, incident reports, and release preparation participation (#1, p. 9-11). The RRC needs assessment form also referenced Petitioner's release plan (#7-2). There is no evidence the BOP acted other than in good faith when considering Petitioner's RRC placement needs.

Petitioner argues there is a presumption in favor of inmates receiving a full twelve months of RRC placement, and the BOP failed to overcome this presumption. This is not so. The BOP's current policy, Program Statement 7310.04, states that RRC needs can usually be met by a placement of six months or less, with placement beyond 180 days requiring "extraordinary justification." The Eighth Circuit has found this extraordinary justification requirement to be a legitimate standard, consistent with 18 U.S.C. § 3621(b), that the BOP may use when considering a request for extended RRC placement. *Miller*, 527 F.3d at 758-759. This policy is a valid exercise of the BOP's broad discretion under 18 U.S.C. 3621(b) and 18 U.S.C. 3624(c). While Petitioner made an argument for

maximum RRC placement, there is no indication the BOP abused its discretion when determining that 150 to 180 days of RRC placement would be sufficient for Petitioner.

There is nothing in the applicable statutes or case law that entitles Petitioner to RRC placement for a specific period of time, much less for the maximum twelve months. Respondent was only required to individually consider Petitioner for RRC placement in a manner consistent with 18 U.S.C. § 3621(b). Although Petitioner was recommended for less than twelve months of RRC placement, it appears the BOP's decision was based on its individual consideration of the factors identified in 18 U.S.C. § 3621(b).

## III. Conclusion

Petitioner has not shown that the BOP abused its discretion or failed to properly consider his RRC placement needs. Accordingly, Marcus J. Lewis's Petition for Writ of Habeas Corpus (#1) is DISMISSED with prejudice.

IT IS SO ORDERED this 23rd day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE